IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* BUD CONYERS,, <br>     Plaintiff, <br><br> v. <br><br> KELLOGG BROWN & ROOT, INC., *et al.*, <br>     Defendant. | Case No. 4:12-cv-04095-SLD-JEH |

**Order**

    Before the Court are the Plaintiff's motion for extension of time (D. 152) and the Defendants' motion to compel and for sanctions (D. 149). For the reasons stated, *infra*, Plaintiff's motion for extension of time is GRANTED, and the Defendants' motion to compel and for sanctions is MOOT.

    The parties are well aware of the ongoing discovery issues in this case. In an effort to move discovery along, on August 21, 2017, the Court directed the parties to confer and submit an itemized joint agreed schedule for interim discovery, setting forth by category the outstanding discovery and a timetable for production of those items. On September 22, 2017, the parties filed a proposed discovery schedule which listed 17 categories (along with subparts) of information sought by KBR. (D. 143). The Court adopted the schedule proposed by the government, which provided a deadline for the bulk of the productions on October 31, 2017 and December 1, 2017.

    As the December 1, 2017 deadline approached and it became clear that the government would not meet that deadline for all of the outstanding productions,

KBR filed a motion to compel and for sanctions in anticipation of the government's likely failure to meet the upcoming deadline. (D. 149). A few days later, the government sought to extend the deadline for outstanding discovery. (D. 152).

In its motion, the government set forth the discovery produced in each of the 17 categories up to the date of its motion, along with a request to extend the deadline in each category with outstanding discovery. Some of the requested deadlines have already passed pending briefing on the government's motion, but the government requested that most of the deadlines be extended to January 8, 2018. The government sought KBR's agreement to extend these various deadlines, but KBR declined to agree to an extension of any of the deadlines. The government, on the other hand, agreed to extend KBR's deadline for producing discovery out to February 28, 2018.

District courts have wide latitude in granting continuances, so much so that a court's ability to do so is "almost standardless." *Moya–Gomez,* 860 F.2d at 742 (quoting *United States v. Rodgers,* 755 F.2d 533, 539 (7th Cir.1985)); *see also United States v. Davis,* 604 F.2d 474, 480 (7th Cir.1979) (denial of continuances are "virtually unreviewable"); *cf. Morris v. Slappy,* 461 U.S. 1, 11–12 (1983) ("[B]road discretion must be granted trial courts on matters of continuances…" (quotation omitted)).

After reviewing the government's motion, KBR's response thereto, and the government's reply, the Court concludes that the modest extension of slightly more than a month from the December 1, 2017 deadline is reasonable in light of the government's efforts to comply with that deadline and the fact that it has not previously sought to extend the interim deadlines. In fact, in light of the discovery history in this case and the obstacles to production with which the parties and the Court are familiar, the Court concludes that the government's

requested extension is *too* modest. If this Court were to impose a January 8, 2017 deadline for completion of the remaining discovery, it is virtually certain that another round of motions concerning extending the deadlines, sanctions, and a motion to compel will fall almost directly on the heels of this Order.

Accordingly, the Court orders as follows:

1. The government is directed to file a status report on January 8, 2018, setting forth the discovery produced in each of the 17 categories and the discovery, if any, which remains to be completed in any outstanding categories.

2. The Court GRANTS the government's motion for extension of time to the extent that, although the government should continue to make every effort to complete its production of outstanding discovery by January 8, 2018, the deadline for completion of all discovery in the 17 categories which are the subject of the government's motion is extended to January 26, 2018.

3. The Court finds that KBR's motion to compel and for sanctions is MOOT in light of the extension of the deadlines as set forth herein.

4. Notwithstanding KBR's request for a status conference on the motions ruled upon by the Court, *supra*, the Court concludes that such a status conference is unnecessary in light of the thorough briefing by the parties.

*It is so ordered.*

Entered on 12/26/2017

s/Jonathan E. Hawley
U.S. Magistrate Judge