# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* BUD CONYERS, </br></br> Plaintiffs, </br></br> v. </br></br> KELLOGG BROWN & ROOT, INC., *et al.*, </br></br> Defendants. | No. 4:06-cv-04024 |

## THE UNITED STATES' NOTICE
## <u>REGARDING THE IMPACT OF THE FIFTH CIRCUIT'S DECISION</u>

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ALAMDAR S. HAMDANI
United States Attorney
Southern District of Texas

DANIEL D. HU
Assistant United States Attorney
Southern District of Texas
Texas Bar # 10131415
SDTX ID: 7959

JAMIE ANN YAVELBERG
MICHAL TINGLE
ASHLEY N. BAILEY
ELSPETH A. ENGLAND
JEFFREY A. MCSORLEY
DAVID W. TYLER
Attorneys, Civil Division
Commercial Litigation Branch
U.S. Department of Justice
P.O. Box 261, Ben Franklin Station
Washington, D.C. 20044

September 30, 2024

**INTRODUCTION**

The Fifth Circuit has decided the parties' appeals of this Court's decision concerning Relator's claim to a share of the settlement and award of fees against the United States. ECF 517 (Opinion in *United States v. Conyers*, No. 23-20227 (5th Cir. July 16, 2024) ("*Conyers*")). When these appeals were noticed, the Court had not yet addressed two motions by Relator: (1) a petition to set a specific amount of attorneys' fees (ECF 487); and (2) a motion for an increased share based on several purported "alternate remedies" (ECF 496). Although the United States' prior briefing highlighted the many reasons why these motions are meritless, the Fifth Circuit's decision in *Conyers* makes clear that this is so. To facilitate the Court's orderly resolution of its docket, the United States respectfully submits this notice to address how the Fifth Circuit's decision conclusively resolves the outstanding motions.

**RELEVANT BACKGROUND**

1.  In December 2006, Relator filed the above-captioned *qui tam* action under the False Claims Act (FCA), alleging that "'KBR used mortuary trailers to deliver consumable supplies to United States soldiers' in Iraq"; "two KBR employees, Willie Dawson and Rob Nuble, 'accepted kickbacks' in exchange for defective or nonexistent trucks"; and "KBR managers in Kuwait 'billed prostitutes to the United States.'" ECF 517 at 3. The United States initially intervened in the claims involving mortuary and inoperable trailers, which it pleaded in its Complaint alongside "separate" claims that it added to the case under 31 U.S.C. § 3731(c). *Id.* The United States' "separate" claims included "claims related to **[Jeff] Mazon** … and **[Tony] Martin**." *Id.* (emphasis added).

1

2.       As the case progressed, the United States notified the other parties and the Court that it would not proceed with the intervened FCA claims for mortuary and inoperable trailers. *Id.* Relator could have attempted to proceed with these claims on his own but did not. *Id.* at 3-4.

3.       In June 2022, the parties entered into an integrated settlement agreement to resolve certain claims against KBR that the United States had added to the lawsuit and litigated for many years (the "Covered Conduct"). *Id.* at 4. This agreement "'specifically reserved and … [did] not release[]'" all other claims for liability to the United States, which included Relator's FCA claims for liability to the United States. *Id.* at 4, 13. In July 2022, with full knowledge of and consent to the terms of the settlement agreement, Relator stipulated to the dismissal of the unresolved *qui tam* claims he had failed to prosecute. ECF 449 at 1-2.

4.       In October 2022, Relator moved for a share of the entire settlement amount that KBR paid to the United States under the settlement agreement, contending that he was "automatically entitled" to 15-to-25 percent of *all* settlement proceeds in any case that contains *any* intervened claim, regardless of whether the United States had resolved such a claim. ECF 517 at 4. The United States opposed this request. *Id.*

5.       In February 2023, this Court rendered its decision in the share dispute, rejecting Relator's theory of automatic entitlement to a share of the entire settlement amount and finding that the Covered Conduct did not explicitly include the claims Relator had alleged. *Id.* at 4. This Court further held, however, that Relator and the United States had each asserted an FCA claim that generally involved kickbacks for trucks and trailers and, on that basis, awarded Relator a 25 percent share of what it estimated as the amount of the United States' FCA claim concerning **Tony Martin**. *Id.* at 4-5. This Court denied Relator a share of the United States' FCA claim involving

2

**Jeff Mazon**. *Id.* In addition, this Court held *sua sponte* that Relator could collect reasonable attorneys' fees from the United States. *Id.* at 5. Both parties timely appealed. *Id.* at 5 & n.5.

6. On July 16, 2024, the Fifth Circuit issued its decision in *Conyers*. As relevant here, the panel held that relators are only entitled to share in the claims they allege in a *qui tam* action, *id.* at 6-11, and that Relator had not alleged (and therefore could not share in) any of the settled claims, *id.* at 11-14. The panel further held that Relator is not entitled to attorneys' fees from the United States. *Id.* at 6, 15 n.10. No issue was remanded for further consideration.[1]

<u>**THE IMPACT OF THE FIFTH CIRCUIT'S DECISION IN *CONYERS*** </u>

**I.    Relator's outstanding fee petition (ECF 487) is moot as to the United States and need not be addressed.**

"The filing of a notice of appeal ousts the district court of jurisdiction over those aspects of the cause involved in the appeal." *United States v. Hitchmon*, 587 F.2d 1357, 1359 (5th Cir. 1979) (collecting cases); *see also Rutherford v. Harris Cty., Tex.*, 197 F.3d 173, 190 (5th Cir. 1999) (same, collecting cases). Such jurisdiction is not returned "unless th[e] [appellate] court remands." *Moore v. Tangipahoa Parish Sch. Bd.*, 836 F.3d 503, 504 (5th Cir. 2016). Here, the issue of attorneys' fees was appealed, and the Fifth Circuit unequivocally held that the Court erred in awarding Relator his attorneys' fees from the United States, without remanding for a determination of those fees. ECF 517 at 15 n.11. As such, Relator's outstanding petition—asking the Court to set a specific amount of fees—is moot as to the United States and need not be addressed.

---

[1] Relator subsequently petitioned the panel for reconsideration. The panel summarily denied Relator's petition without requiring a response from the United States. ECF 515.

**II.     Relator's outstanding alternate remedy motion (ECF 496) conflicts with the Fifth Circuit's decision in *Conyers* and must be denied accordingly.**

The only other filing that this Court has not already addressed is Relator's alternate remedy motion, in which Relator asserted that the Government recovered three "alternate remedies" in connection with this matter in which he was entitled to share. ECF 496 at 2.

- **First**, Relator sought a share of a temporary contract credit—relating to **Jeff Mazon**—that KBR issued to the Army *years before* Relator filed his *qui tam* action. *Id.* at 6-9.

- **Second**, Relator sought a share of criminal restitution that he claimed **Jeff Mazon** was required to pay. *Id.* at 9-10. (Relator later retracted this request after realizing that, as reflected in the public records available to him for *14 years* before he filed his motion, Mazon was not required to pay any criminal restitution. ECF 508 at 9.)

- **Third**, Relator confused an administrative proceeding in which *KBR unsuccessfully sued the United States* for breach of contract in the Armed Services Board of Contract Appeals (ASBCA) with a separate fraud case that the United States filed against KBR in federal district court and that was dismissed without resolution. Relator then asserted that the ASBCA matter concerned the same disputed government claims, subcontracts, and actions of **Tony Martin** that were litigated in the above-captioned case, and that the Court's share decision therefore entitled him to a portion of the funds for which *KBR had sued the United States* in the ASBCA. ECF 496 at 10-13.

As demonstrated in the United States' prior briefing, Relator's motion is rife with problems and false assertions,[2] and his claim of entitlement to a share in each of the three purported alternate remedies is meritless. *See generally* ECF 502, 509-2. The Fifth Circuit's decision in *Conyers*, however, makes it unnecessary for this Court to further burden itself with these issues.

This is because Relator's alternate remedy motion is based *entirely* on his invalid assertion that he is entitled to share in claims concerning **Jeff Mazon** and **Tony Martin**. *See* ECF 496 at 6-8 (Relator arguing to share in a credit corresponding to Mazon); *id.* at 11-12, 15 (Relator contending that the ASBCA proceeding involved Martin and "[t]he Court already has ruled that there is 'sufficient overlap' between the Conyers whistleblowing and the Martin bribery,

---

[2] All of Relator's assertions about the ASBCA proceeding, for example, are demonstrably incorrect. *See* ECF 502 at 7-9 (U.S. addressing Relator's assertions); ECF 509-2 at 1-3 (same); *cf.* Fed. R. Civ. P. 11.

kickbacks, and overcharging"). **As the Fifth Circuit held, however, Relator did not allege any claims involving Mazon or Martin in his *qui tam* action**. ECF 517 at 3 ("Conyers's suit, however, alleged wrongdoing different from that engaged in by Mazon … and Martin."); *id.* at 12 ("Conyers's complaint, however, contains no mention of Mazon … or Martin. And, as noted, it alleged entirely different wrongdoing. …[His] allegations had nothing to do with any wrongdoing by Mazon … or Martin."). Relator therefore has no right to share in any FCA claims for Mazon and Martin's frauds. *Id.* at 14. Because relators have "the same" share rights in alternate remedy proceedings as they do under the FCA, 31 U.S.C. § 3730(c)(5), the fact that Relator cannot share in FCA claims for Mazon and Martin's frauds means that he cannot share in any purported alternate remedies for those frauds either, ECF 517 at 9-10.[3] The Court can deny Relator's motion for this reason alone, as the sole basis on which Relator seeks relief is invalid under the law of the case.

To be clear, the United States *strongly disagrees* that the purported remedies that Relator identifies reflect the United States' actual recoveries on fraud claims, can qualify as alternate remedies in the first instance, or were accurately described by Relator. The fact that Relator chose to bootstrap his alternate remedy motion entirely to the now-rejected proposition that he is entitled to share in claims for Mazon and Martin's frauds, however, is alone sufficient to deny his motion. That should be the end of the matter, as Relator's motion was fully briefed well over a year ago.

---

[3] *See also United States ex rel. Rille v. PricewaterhouseCoopers LLP*, 803 F.3d 368, 373 (8th Cir. 2015) (en banc) (citing the alternate remedy provision and holding that relators can only share in alternate remedies to FCA claims that were "brought by the relators"); *United States ex rel. Babalola v. Sharma*, 746 F.3d 157, 166 (5th Cir. 2014) (Dennis, J., concurring) (noting that the alternate remedy provision does "not … afford relators *additional* rights," so it cannot be used to award a share of an alternate remedy when no share right exists under the FCA) (emphasis in original); *United States ex rel. Estate of Turner v. Gardens Pharm., LLC*, No. 1:18cv338-HSO-RHWR, 2022 WL 2079718, at *3 (S.D. Miss. June 9, 2022) (even if something qualified as an alternate remedy, "Relator would not be entitled to a share of the proceeds here because the conduct alleged in the Complaint is not the same conduct [as the purported alternate remedy]"); *United States ex rel. Karadsheh*, No. 2:13-cv-13333, 2019 WL 6702141, at *2 (E.D. Mich. Dec. 9, 2019) (relator's right to share in an alternate remedy is tied to his "'pleading[ing] … with particularity' in the complaint or complaints that form the basis of the Government's alternate remedy") (citation omitted); *United States & New York v. N. Adult Daily Health Care Ctr.*, 174 F. Supp. 3d 696, 704 (E.D.N.Y. 2016) (noting that if "Relators do not have any right to recovery in their *qui tam* action[,] … they also lack any *corresponding right* to share in an alternate remedy") (emphasis added).

5

The Court should not entertain more new arguments from Relator now, especially new arguments that would (necessarily) contradict the sole basis for relief argued in his motion.

## **CONCLUSION**

Under the law of the case, Relator is entitled to nothing from the United States, and the United States respectfully requests that this matter be closed.

        Respectfully submitted,

        BRIAN M. BOYNTON
        Principal Deputy Assistant Attorney General

        ALAMDAR S. HAMDANI
        United States Attorney
        Southern District of Texas

        DANIEL D. HU
        Assistant United States Attorney
        Southern District of Texas
        Texas Bar # 10131415
        SDTX ID: 7959

        */s/ David W. Tyler*
        JAMIE ANN YAVELBERG
        MICHAL TINGLE
        ASHLEY N. BAILEY
        ELSPETH A. ENGLAND
        JEFFREY A. MCSORLEY
        DAVID W. TYLER
        Attorneys, Civil Division
        Commercial Litigation Branch
        U.S. Department of Justice
        P.O. Box 261, Ben Franklin Station
        Washington, D.C. 20044
        Telephone: 202.305.3988
        david.w.tyler2@usdoj.gov

Dated: September 30, 2024       *Attorneys for the United States of America*

## CERTIFICATE OF SERVICE

The undersigned certifies that on September 30, 2024, a copy of the foregoing was served on the attorneys of record in this case via the Court's electronic filing system.

        */s/ David W. Tyler*