# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* BUD CONYERS, | ) ) ) ) |
| Plaintiffs, | ) Civ. No. 4:06-cv-04024 |
| v. | ) ) ) |
| KELLOGG BROWN & ROOT, INC., *et al.*, | ) ) ) ) |
| Defendants. | ) ) |

## RELATOR'S RENEWED MOTION FOR AWARD OF ATTORNEY'S FEES AGAINST DEFENDANTS

Victor A. Kubli
LAW OFFICE OF VICTOR A. KUBLI P.C.
13948 Bromfield Road
Germantown, Maryland 20875
(301) 801-2330
kubli@kublilaw.com

Alan M. Grayson
870 N. Miramar Ave. #242
Indialantic, Florida 32903
(407) 493-9633
grayson@glctr.net

Date: Feb. 24, 2025          Counsel for Estate of Bud Conyers

# RELATOR'S RENEWED MOTION FOR AWARD OF ATTORNEY'S FEES AGAINST DEFENDANTS

Previously in this case, the Relator sought award of attorney's fees against both the Government and the Defendants (collectively, Defendants are referred to herein as "KBR"). The Government appealed from this Court's decision against the Government, which also included an award of a "Relator's Share." This Court stayed the attorney's fee issue until after resolution of the Government's appeal. The appeal has now been resolved, in favor of the Government. This leaves the issue of the award of attorney's fees against KBR.

In the interest of brevity, the Relator incorporates, by reference, the Relator's previous briefing on this, including exhibits. Dkt. Nos. 487, 492 & 497, Ex. A, B & C (briefs attached without exhibits). The Relator will limit this brief to new elements since the initial briefing.[1]

The first new element is that the Relator's time and expenses have been updated through today. Ex. D & E. The amount of "reasonable attorney's fees" is now $1,149,899.35.[2] The amount of "reasonable expenses necessarily incurred" is

---

[1] The Relator reserves the right to supplement this fee request until after this case is fully and finally resolved.

[2] Note that this amount is subject to a lodestar multiplier, as discussed in earlier briefs.

$23,473.66. The reasonable hourly rates for the attorney's fees are taken from the current "Laffey Matrix." https://www.laffeymatrix.com/see.html.[3]

The second new element is KBR's argument that the award of attorney's fees against it is contingent on the Relator's recovery of a "Relator's Share." It is not. This is a case where the Government intervened, *i.e.,* the Government "proceed[ed] with the action." Dkt. No. 51 (May 10, 2013). In such a case, the False Claims Act ("FCA") reads as follows:

> **(d)Award to Qui Tam Plaintiff.—**
> **(1)** <u>If the Government proceeds with an action brought by a person under subsection (b)</u>,[4] such person shall, subject to the second sentence of this paragraph, receive at least 15 percent but not more than 25 percent of the proceeds of the action or settlement of the claim, depending upon the extent to which the person substantially contributed to the prosecution of the action. Where the action is one which the court finds to be based primarily on disclosures of specific information (other than information provided by the person bringing the action) relating to allegations or transactions in a criminal, civil, or administrative hearing, in a congressional, administrative,

---

[3] For context here, there was another case, filed five years after this case, accusing KBR of fraud under the same contract, the LOGCAP contract. *United States ex rel. Howard v. KBR,* No. 11-cv-4022 (C.D. Ill. filed March 22, 2011). The allegations there were that KBR ordered too many supplies under LOGCAP. In July 2023, KBR settled that case, and KBR agreed to pay the Relators' counsel $34,950,000 in attorney's fees and costs. Howard Settlement Agreement ¶ 3 at 6, Howard Dkt. 340-1 (July 11, 2023). This attorney's fee settlement was significantly more than the Relator's Share in that case. It also is roughly 30 times as much as Relator's counsel is seeking in this case, which has lasted seven years longer, with twice as many docket entries.

[4] "**(b)Actions by Private Persons.— (1)** A person may bring a civil action for a violation of section 3729 for the person and for the United States Government." 31 U.S.C. § 3730(b).

>or Government [sic] Accounting Office report, hearing, audit, or investigation, or from the news media, the court may award such sums as it considers appropriate, but in no case more than 10 percent of the proceeds, taking into account the significance of the information and the role of the person bringing the action in advancing the case to litigation. Any payment to a person under the first or second sentence of this paragraph shall be made from the proceeds.  <u>Any such person **shall also receive** an amount for reasonable expenses which the court finds to have been necessarily incurred, plus reasonable attorneys' fees and costs. All such expenses, fees, and costs **shall be awarded** against the defendant.</u>

31 U.S.C. § 3730(d) (emphasis added).

Parsing this:

- The Relator is a "private person" who brought this civil action, "for violation of section 3729" (*i.e.,* the FCA), for himself and "for the United States Government."

- The Government "proceed[ed] with this action," by intervening in it.

- In addition to any Relator's Share (which the Court of Appeals ruled against), the Relator "**shall also receive**" reasonable expenses necessarily incurred, plus reasonable attorneys' fees and costs, which "**shall be awarded**" against the defendant.[5]

---

[5] Furthermore, it would be contrary to the purpose the FCA to allow the Government to intervene and piggy-back on the Relator's case in order to obtain a recovery for itself, but then leave the Relator's attorney's fees for preparing, filing and helping the government investigate the case entirely uncompensated.  (Especially in this case, with 1000+ Relator attorney time entries spanning 18 years.)  No compensation to Relator's counsel would make the

4

KBR's argument is that "also" doesn't mean "also."  This puts KBR in line with Humpty Dumpty, who argued:

> "When I use a word,' Humpty Dumpty said in rather a scornful tone, 'it means just what I choose it to mean – neither more nor less."

L. Carroll, <u>Through the Looking Glass, and What Alice Found There</u>, ch. 6 (1871).[6]

If, somehow, plain meaning weren't enough, according to the legislative history for this specific provision, the Relator is:

> awarded reasonable attorneys fees **in addition to any other percentage of award recovered**.  The existing False Claims Act does not contain a specific authorization for fees.  **Such fees will be payable by the defendant in addition to the forfeiture and damages amount**.  Unavailability of attorneys fees inhibits and precludes many private individuals, as well as their attorneys, from bringing civil fraud suits.

S. Rep. No. 99-345, 99th Cong., 2d Sess. 29 (July 28, 1986), reprinted in 1986 U.S. Code Cong. & Admin. News 5294 (emphasis added).  Here, the Court of Appeals has ruled that the Relator's "percentage of award recovered" under the Settlement Agreement is zero, because of the wording of the "Covered Conduct" that the Government hammered into the Agreement.  But "in addition to" that,

---

Government a "parasite," an accusation that the Government sometimes hurls at relators.

[6] *Accord Woolford Realty Co. v. Rose*, 53 F. 2d 821, 823 (5th Cir. 1931) (referring to Alice's encounter with the master logomachist and "the simple view . . . that words mean what they say, and not the opposite").

5

according to both the FCA and the legislative history, the Relator is entitled to be "awarded reasonable attorney[']s fees." *Id.*

Last year, one court correctly labeled this as "an absolute statutory entitlement." In *United States ex rel Bisbano v. Claris Vision, LLC,* No. 18-00176-MSM (D.R.I. Jan. 16, 2024): "The Relators argue[d] that they have an absolute statutory entitlement to an award of fees in this case pursuant to 31 U.S.C. § 3730(d)(1) and that nothing in the Settlement Agreement or the circumstances here disturbs that legal entitlement." The court accepted that argument, and it awarded attorney's fees to the relators. *Id.* The court rejected the defendant's argument in that case that the relators should be denied attorney's fees because they were not "prevailing parties." *Id.*[7]

Another court ruled that the FCA "dictates" this result. "When the government intervenes and prevails in a *qui tam* case, the FCA dictates that a relator receive an award of "reasonable attorneys' fees and costs against the defendant." *United States ex rel. LeFan v. Gen. Elec. Co.,* 4:00-CV-222, 2008

---

[7] If anything, this is an "easier" case than *Bisbano,* because here, Recital F of the Settlement Agreement states: "The Relator claims entitlement under 31 U.S.C. § 3730(d) to a share of the proceeds of this Settlement Agreement and to the Relator's reasonable expenses, attorneys' fees and costs." Paragraph 6 states: "the Relator does not release KBR from any claim under 31 U.S.C. § 3730(d) for expenses or attorneys' fees and costs." KBR signed this Agreement. If anyone has waived its position on the issue of the Relator's recovery of attorney's fees, it is KBR.

U.S. Dist. Lexis (3020) (W.D. Ky. Jan. 14, 2008); *accord United States ex rel. Hunt v. Cochise Consultancy, Inc.*, 887 F. 3d 1081, 1087 (11th Cir. 2018), *aff'd sub nom. Cochise Consultancy, Inc. v. U.S. ex rel. Hunt*, ___ U.S. ___, 139 S. Ct. 1507, 203 L.Ed.2d 791 (2019). ["In an intervened case, the relator usually is entitled to between 15 and 25 percent of the proceeds, as well as reasonable expenses, attorney's fees, and costs. 31 U.S.C. § 3730(d)(1)."]  The Government did intervene in this case, and it did prevail; those facts are not disputed.  In fact, this Court granted partial summary judgment to the Government before the Settlement Agreement was even negotiated and executed.

Because the Court granted partial summary judgment, this is not a case where KBR can argue that no wrongdoing was found against it.  Regardless, however, even in a case where the defendant has "admitted no wrongdoing, . . . the statutory authorization for attorney's fees in this case is mandatory and does not ask the Court to exercise its discretion."  *United States ex rel. Averback v. Paster Med. Assocs. P.C.*, 224 F.Supp.2d 342, 347-48 (D. Mass. 2002).[8]

In sum, the Relator is entitled to an award of attorney's fees and costs against KBR because the words "shall also," "in addition to," "absolute,"

---

[8] For whatever it is worth, KBR cites a couple of cases, from outside this District and this Circuit, that KBR argues are in its favor.  This is not an issue where one flips a coin, however.  This is an issue where "plain English will suffice" to determine the outcome.  *EEOC v. Chevron Phillips Chemical Co., LP*, 570 F. 3d 606, 621 (5th Cir. 2009).

"dictates" and "mandatory" all "mean what they say." *Singer v. United States,* 323 U.S. 338, 345 (1945) ("Whatever the reason, words mean what they say").

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | Victor A. Kubli<br>LAW OFFICE OF VICTOR A. KUBLI P.C.<br>13948 Bromfield Road<br>Germantown, Maryland 20875<br>(301) 801-2330<br>kubli@kublilaw.com |
|  | Alan M. Grayson<br>870 N. Miramar Ave. #242<br>Indialantic, Florida 32903<br>(407) 493-9633<br>grayson@glctr.net |
| Date: Feb. 24, 2025 | Counsel for Estate of Bud Conyers |